UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIZABETH A. BAZZICALUPO,

Plaintiff,

-vs-

NATIONWIDE INSURANCE COMPANY,

Defendant.

**STATEMENT OF MATERIAL FACTS**

Civil Action No. 05-CV-05127 (CLB) (MDF)

1. The following is Nationwide Mutual Fire Insurance Company's ("Nationwide") statement of material facts pursuant to Local Civil Rule 56.1 of the United States District Court, Southern District of New York.

2. The plaintiff, Elizabeth A. Bazzicalupo, procured a homeowners policy of insurance from Nationwide for a multi-family dwelling, at 8 Amawalk Drive, Lake Carmel, New York (hereinafter referred to as "the subject property").[1] The plaintiff would split her time each week between that property and another located at 19 Cherry Place, Lake Peekskill, New York (see **Exhibit** A, pps. 11 and 52). On September 23, 1998, Elizabeth Bazzicalupo completed an application for homeowners insurance with respect to the subject property through Nationwide Insurance Company. See **Exhibit B**. Nationwide then issued a homeowners policy to Elizabeth Bazzicalupo and her daughter, Mariya Bazzicalupo, under policy number 66 31 HO 365803 with an original inception date of September 23, 1998. See **Exhibit B**.

[1] The subject property is now known as 21 Amawalk Drive, Lake Carmel, New York.

LAW OFFICE OF ROY A. MURA • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

3.     The plaintiff separated from her husband, Robert Bazzicalupo, around 1990 (see **Exhibit A**, p.11).  Due to financial issues, the plaintiff and her husband deeded the subject property to their daughter, Mariya Bazzicalupo, on March 25, 1991 (see **Exhibit A**, pps.23-24, 35-36 and **Exhibit C**).[2]

4.     In the application the plaintiff was required to disclose whether she or any family member had been sued, had filed for bankruptcy, had repossessions, or had any judgments against them within seven years of the date of the application.  See **Exhibit B**.  In response to these inquiries, Ms. Bazzicalupo answered "N" for "no".

5.     Ms. Bazzicalupo signed the application declaring to Nationwide that the information contained in her application for the homeowners policy of insurance was true.  She admits that she signed the application (see **Exhibit** A, pps. 40-41).  On the application for insurance, she attested that:

> I HEREBY DECLARE THAT THE FACTS STATED IN THE ABOVE APPLICATION ARE TRUE AND REQUEST THE COMPANY TO ISSUE THE INSURANCE AND ANY RENEWALS THEREOF IN RELIANCE THEREON.

See **Exhibit B**.

6.     Under Nationwide's applicable underwriting requirements for homeowners insurance, the existence of foreclosures, bankruptcies, and judgments are material to the risk being insured.  Simply stated, these questions are controlling factors as to whether the proposed risk is eligible for Nationwide homeowners insurance.  A copy of

---

[2]     Mariya Bazzicalupo later attempted to deed the property to the plaintiff but it was never filed (see **Exhibit A**, pps. 48-50 and **Exhibit D**).

LAW OFFICE OF ROY A. MURA • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

the underwriting guidelines entitled "Homeowners Insurability Standards" are attached as **Exhibit E**.

7.     Based on the representations made by plaintiff in her application, Nationwide believed that there were no bankruptcies or judgments against her, or any family member, within seven years of the application.   In addition, Nationwide also believed that there were no prior foreclosures.  Nationwide issued the homeowners policy of insurance in reliance on the representations of plaintiff.

8.     On or about June, 18, 2004, the subject property sustained a fire loss.

9.     During its investigation of the fire loss, Nationwide learned that Elizabeth Bazzicalupo had made material misrepresentations in her application.  Within the past seven years preceding the issuing of the policy with Nationwide, Elizabeth Bazzicalupo had filed for bankruptcy and had a judgment regarding a foreclosure.

10.     On October 8, 1993, plaintiff was personally served with a summons and complaint regarding foreclosure claiming an amount owed in excess of $115,3310.26 concerning the property at Millwood Street.  See **Exhibit F**.

11.     This foreclosure was not disclosed by plaintiff in her application for insurance.

12.     The plaintiff filed for bankruptcy on June 1, 1994.  See **Exhibit G**. This bankruptcy was not disclosed by plaintiff in her application for insurance with Nationwide.

LAW OFFICE OF ROY A. MURA • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

14.     As explained by Mr. Michael Derkowski, a Property Product Manager for Nationwide, foreclosures, bankruptcies, and judgments are material to the risk being insured. Had Nationwide been aware of the prior mentioned information, it would not have issued the insurance policy to plaintiff.

15.     Due to the material misrepresentations by plaintiff in her application for insurance, Nationwide rescinded the subject policy *ab initio* by letter dated March 23, 2005, and reimbursed the plaintiff for the premiums paid. See **Exhibit H**.

16.     The plaintiff commenced this litigation by filing a summons and complaint dated April 20, 2005 (see **Exhibit I**). Nationwide appeared in the action through an answer filed on May 27, 2005 (see **Exhibit J**). Nationwide filed a Petition for Removal in this matter to this Court on May 31, 2005 (see **Exhibit K**). Nationwide amended its answer as a matter of right dated June 28, 2005 (see **Exhibit L**).

17.     A synopsis of Nationwide's affirmative defenses and counter-claims is as follows:

First Affirmative Defense:
The complaint fails to state a claim upon which relief may be granted.

Second Affirmative Defense:
The subject policy of insurance provides that property of "roomers, boarders, or other tenants" not related to the insured is not covered. Therefore, coverage for portions of the plaintiff's claim for personal property are not covered under the subject policy.

Third Affirmative Defense:
The subject policy of insurance provides that it does not cover loss resulting from an increased hazard within the knowledge and control of the insured.

Fourth Affirmative Defense:
The subject policy of insurance provides that it does not cover loss to property resulting from a violation of an Ordinance of Law.

LAW OFFICE OF ROY A. MURA • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

Fifth Affirmative Defense:
The subject policy of insurance provides that it does not cover more than the insured's interest in the property in the event that more than one person has an insurable interest in the property.

Sixth Affirmative Defense:
Recovery by the plaintiff is limited pursuant to the subject policy of insurance.

Seventh Affirmative Defense:
Upon information and belief, coverage under the subject policy of insurance is void and/or the subject policy is rescinded *ab initio* due to material misrepresentations made in the application for insurance.

First Counterclaim :
Nationwide seeks confirmation of its rescission of the policy of insurance *ab initio* on the grounds that it was obtained by the plaintiff through false representations of material facts.

Second Counterclaim:
Nationwide is entitled to reimbursement of $13,152.00 for any and all payments made to plaintiff based upon the application of Nationwide's affirmative defenses and counter-claims.

Third Counterclaim:
For return of $13,152.00 in payments made by Nationwide as the plaintiff has been unjustly enriched, together with expenses incurred by Nationwide in the investigation on the plaintiffs' claim.

18. During discovery, Nationwide served a notice to admit on the Plaintiff. In her response, plaintiff admits to having declared bankruptcy as discussed above. She also admits to the judgment of foreclosure, discussed above. She further admits to having signed the application for insurance. The notice and plaintiff's verified responses are attached as **Exhibit M.**

19. During discovery, Nationwide learned of further material misrepresentations on the application for insurance. For example, the Plaintiff also failed

LAW OFFICE OF ROY A. MURA • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

to disclose on the application, the fact that she had a prior cancellation of a policy effective October 2, 1998 from Commercial Union Insurance Company, in regard to another property she owned at 46 Cherry Place, lake Peekskill, N.Y.  See **Exhibit N**. That policy was cancelled due to a large fire loss which occurred on April 18, 1996 in which she was paid $67,704.   The application for insurance (**Exhibit B**) contains inquires about "ANY POLICY CANCELLED OR NOT RENEWED?" and "PAST LOSSES".  In response the Plaintiff answered "N" (for "no") and "NONE", respectively. Both the cancellation and the prior loss should have been disclosed on the application and were not.[3]

18.    For the reasons set forth above, as well as the accompanying affidavits and attorney affirmation, Nationwide Mutual Fire Insurance Company respectfully requests that this motion for summary judgment be granted in its entirety.

---

[3]    For purposes of this motion for summary judgment, Nationwide solely relies upon the Bankruptcy (discussed in paragraph 12 above) and the judgment of foreclosure (discussed in paragraph 10 above).  However, in the unlikely event a trial is deemed necessary, it reserves its rights to rely on any and all misrepresentations made by the Plaintiff in the application for insurance, including those which have been uncovered during discovery through Nationwide's continued investigation. This includes but is not limited to the misrepresentations reviewed in paragraph 19 above (misrepresentations concerning the prior loss and policy cancellation) and the misrepresentations discussed in this footnote.   It appears there are other judgments which should have been disclosed by the Plaintiff on the application for insurance.  The Plaintiff failed to disclose that a judgment had been taken against her on May 1, 1991 in the amount of $4926 by Mahopac National Bank.  In response to the notice to admit, she admits to this judgment and that it was still outstanding when she signed the application for insurance (see **Exhibit M**, paragraph numbers 4 and 5). Records attached to the notice to admit indicate two other judgments against the Plaintiff's husband: (1) $461 on June 1, 1990 by Angelo Aiello (see paragraphs 6 and 7 to **Exhibit M**); and (2) $1376 on May 17, 1993 by Michael J. DeMitto (see paragraphs 8 and 9 to **Exhibit M**).  If these were not satisfied at the time the application was signed, they too should have been disclosed on it.  Nationwide's research reveals no satisfaction of any of these judgments.

LAW OFFICE OF ROY A. MURA • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

DATED: Buffalo, New York
January 20, 2006

s/Scott D. Storm (SS8649)

*Attorneys for Defendant*
LAW OFFICE OF ROY A. MURA
930 Rand Building
14 Lafayette Square
Buffalo, New York 14203
(716) 855-2800
scott.storm@muralaw.com

cc: Howard L. Sherman, Esq.
*Attorney for Plaintiff*
15 Croton Avenue
Ossining, New York 10562
(914) 941-4000

- 7 -

LAW OFFICE OF ROY A. MURA • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816