UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ELIZABETH A. BAZZICALUPO,    Civil Action No. 05-CV-05127

                Plaintiff,    **CROSS-NOTICE OF MOTION**

      -against-

NATIONWIDE INSURANCE COMPANY,

                Defendant,

------------------------------------------------------------x

| | |
|---|---|
| MOTION MADE BY: | Plaintiff, ELIZABETH A. BAZZICALUPO, by her attorney, HOWARD L. SHERMAN, 15 Croton Avenue, Ossining, New York 10562 |
| DATE, TIME AND PLACE OF HEARING: | A date and time to be determined by the United States District Court, Southern District of New York, to be held at the Courthouse thereof, White Plains, New York. |
| SUPPORTING PAPERS: | This Cross-Notice of Motion; Memorandum of Law, Affirmation of Howard L. Sherman, dated the 31st day of January, 2006; the Statement of material facts dated the 31st day of January, 2006; the Affidavit of Elizabeth A. Bazzicalupo sworn to the 31st day of January, 2006; all together with the pleadings and proceedings heretofore had herein. |
| RELIEF DEMANDED AND GROUNDS THEREFOR: | (A) An order pursuant to Fed. R. Civ. P. 56 granting summary judgment to the plaintiff direct that the defendant indemnify the plaintiff for a fire casualty loss pursuant to the terms of of the policy of insurance issued in favor of the plaintiff and to pay the casualty losses as demanded in the complaint; |
| | (B) a declaration that NATIONWIDE must pay the reasonable attorney's fees of the plaintiff in this case; |

|  |  |
|---|---|
|  | (C) such other and further relief as to this Court my seem just and proper. |
| ANSWERING AFFIDAVITS: | Must be served as scheduled by the Court. |
| ORAL ARGUMENT: | Requested. |

DATED:  Ossining, New York
         January 30, 2006

                                                      _____
                                                     Howard L. Sherman, Esq.
                                                      Attorney for Plaintiff
                                                      15 Croton Avenue
                                                      Ossining, New York 10562
                                                      (914) 941-4000

cc:    Law Office of Roy A. Mura
        Attorney for Defendant
        930 Rand Building
        14 Lafayette square
        Buffalo, New York 14203
        (716) 855-2800

...

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ELIZABETH A. BAZZICALUPO,                    Civil Action No. 05-CV-05127

                Plaintiff,                    **AFFIRMATION**

     -against-

NATIONWIDE INSURANCE COMPANY,

                Defendant,
------------------------------------------------------------x

       HOWARD L. SHERMAN, an attorney duly admitted to practice law in the United States District Court for the Southern District of New York, affirms under penalties of perjury:

       1. That he is the attorney for the plaintiff herein and is fully familiar with the facts of this case.

       2. This case is brought to enforce a policy of insurance issued by NATIONWIDE FIRE INSURANCE COMPANY (hereinafter "NATIONWIDE") to and in favor of ELIZABETH A. BAZZICALUPO with regard to premises known as 8 Amawalk Drive, Lake Carmel, New York.

       3. The initial policy of insurance was issued by NATIONWIDE on or about September 23, 1998.

       4. The policy was issued for a period of one year.

       5. On each anniversary date of the policy, the defendant, NATIONWIDE, had the option to renew the policy if it so chose.

       6. In fact, the policy was renewed annually each year through the period from September 23, 2003 to September 23, 2004.

7.  On June 18, 2004, the premise suffered a fire loss.

8.  Demand was made upon NATIONWIDE for indemnification pursuant to the terms of the insurance policy.

9.  NATIONWIDE declined to indemnify and instead revoked the policy *ab initio* based upon alleged misrepresentations by the plaintiff, ELIZABETH A. BAZZICALUPO at the time of the initial application for insurance.

10.  Specifically, the defendant referred to the answers to two questions in the application for insurance.

11.  These questions asked whether the plaintiff had filed bankruptcy during the immediate previous 7 years and whether any lawsuits were commenced against the bankrupt during the immediate previous 7 years.

12.  The plaintiff answered "No" to each of these questions, indicating that she had not filed bankruptcy or had any lawsuits against her during the 7 years preceding the application of 1998.

13.  A policy of insurance was issued to the plaintiff effective September 23, 1998.  The policy term was one year.

14.  Pursuant to the terms of the policy, the defendant, NATIONWIDE, had the option to renew or fail to renew the policy each year as the anniversary date of the policy approached.

15.  In fact, the policy was renewed for a period of 5 consecutive years, the last renewal having been effective as of September 23, 2003.

16.  In June 2003, the insured premise suffered a fire loss.

17. The plaintiff made claim upon the defendant, NATIONWIDE, for indemnification from the fire loss and NATIONWIDE rejected the claim.

18. At the time of the notification of the loss, NATIONWIDE investigated and found that the plaintiff had been named a defendant in a foreclosure action commened in 1993 and had filed a Petition in Bankruptcy in 1994, four and a half years prior to the date of the application on which she represented that she had not filed bankruptcy or been sued within the past 7 years.

19. The Memorandum of Law interposed by the defendant cites numerous cases indicating that the questions on the application regarding the credit history of the plaintiff, including lawsuits, foreclosures and bankruptcies are material and that the defendant should be given an opportunity to accept or reject the application based upon accurate facts.

20. The plaintiff does not dispute the basic law set forth by the defendant.

21. However, as set forth in the affidavit of ELIZABETH A. BAZZICALUPO, in support of the plaintiff's cross-motion for summary judgment, the defendant renewed the policy annually.

22. At the time of the 2001 application, the bankruptcy filing by the plaintiff and the lawsuit against the plaintiff had occurred more than 7 years prior to the renewal.

23. In fact, at the time of the last 3 renewals, the statements made by the plaintiff were accurate.

24. Had NATIONWIDE taken applications in 2001, 2002 or 2003, the applications would have been accepted and the insurance would have been issued since the plaintiff had not filed bankruptcy or been sued during the previous 7 year period.

25. Although perhaps material when made, the alleged misrepresentations made by the plaintiff were not material at the time of the renewal of the policy in effect when she suffered the fire loss.

26. As a result, it is respectfully submitted that the defendant should not be permitted to cancel the insurance policy *ab initio* and should be required to indemnify the plaintiff for the losses sustained as a result of the fire which took place on June 18, 2004.

27. No previous application for the relief sought herein has been made.

WHEREFORE, plaintiff respectfully requests that the defendant's motion for summary judgment be denied and the plaintiff's cross-motion for summary judgment be granted directing judgment against the defendant for indemnification; and that the matter be set for a hearing with regard to the issue of damages; that the defendant be directed to pay the reasonable attorney's fees incurred by the plaintiff in bringing this action; plus the costs and disbursements of this action and such other and further relief as to this Court may seem just and proper.

Dated: Ossining, New York
January 31, 2006

_____
Howard L. Sherman