```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
ELIZABETH A. BAZZICALUPO,     :
                              :
          Plaintiff,          :
                              :   MEMORANDUM ORDER
     -against-                :   05 Civ. 5127 (MDF)
                              :
NATIONWIDE INSURANCE COMPANY, :
                              :
          Defendant.          :
                              :
------------------------------X
```

Mark D. Fox, United States Magistrate Judge.

Plaintiff, Elizabeth A. Bazzicalupo (hereinafter, "Plaintiff"), commenced this action seeking coverage from the defendant, Nationwide Insurance Company (hereinafter, "Defendant"), under an insurance policy issued by Defendant on September 23, 1998, for the loss sustained during a fire at her property, located at 8 Amawalk Drive, Lake Carmel, New York 10512 (the "property"),[1] on June 18, 2004. Defendant now moves for summary judgment, seeking an order from this Court declaring that Plaintiff is precluded from coverage under the insurance policy and that Defendant may rescind the policy and deny coverage for the Plaintiff's claim due to material misrepresentations made by Plaintiff in the application for insurance. Plaintiff has filed a cross-motion for summary judgment. For the reasons stated

---

[1] The property is now known as 21 Amawalk Drive, Lake Carmel, New York. *See* Defendant's Rule 56.1 Statement at ¶ 2, n.1.

1

herein, Defendant's motion is granted and Plaintiff's motion is denied.

### Background

On September 23, 1998, Plaintiff and her daughter, Mariya Bazzicalupo, completed an application (the "Homeowners Insurance Application") and were issued an insurance policy from the Defendant (the "subject policy"). *See* Defendant's Statement of Material Facts ("Defendant's Rule 56.1 Statement") at ¶ 2.[2] The policy commenced on September 23, 1998. *See id*. As part of the Homeowners Insurance Application, Plaintiff was asked to disclose whether she or any family member had been sued, had filed for bankruptcy, had repossessions, or had any judgments against them within the seven years preceding the date of the application. *See id*. at ¶ 4, Ex. B (application). Plaintiff answered "N" for "no." *Id*. Plaintiff signed the Homeowners Insurance Application and attested to the following:

> I HEREBY DECLARE THAT THE FACTS STATED IN THE ABOVE APPLICATION ARE TRUE AND REQUEST THE COMPANY TO ISSUE THE INSURANCE AND ANY RENEWALS THEREOF IN RELIANCE THEREON.

*Id*. According to Defendant's underwriting requirements for homeowner's insurance, the existence of foreclosures,

---

[2] The factual summary is taken from Defendant's Rule 56.1 Statement as Plaintiff, in her Statement of Material Facts in support of her cross-motion to dismiss, indicates that she does not dispute the Defendant's statement of facts. *See* Plaintiff's Statement of Material Facts at ¶ 1.

2

bankruptcies, and judgments are material to the risk being insured. *See id.* at ¶ 6. In 1999, 2000, 2001, 2002, and 2003, Defendant renewed the subject policy. *See* Plaintiff's Statement of Material Facts at ¶ 6.

On June 18, 2004, the property sustained a fire loss. *See id.* at ¶ 8. During its investigation of the fire loss, Defendant discovered that Plaintiff had made material misrepresentations on her Homeowners Insurance Application. *See id.* at ¶ 9. Specifically, Defendant learned that, within the seven years prior to Defendant's issuance of the subject policy, Plaintiff had filed for bankruptcy and had a judgment of foreclosure rendered against her. *See id.* On October 8, 1993, Plaintiff was served with a summons and complaint for foreclosure of a mortgage, claiming an amount owed of $115,310.26 plus interest. *See id.* at ¶ 10, Ex. F (notice of pendency, summons, complaint, and judgment). Judgment against Plaintiff was entered on February 24, 1994. *See id.* On June 1, 1994, Plaintiff and her former husband filed for Chapter 7 bankruptcy. *See id.* at ¶ 12, Ex. G. Plaintiff failed to disclose these facts in her Homeowners Insurance Application.

Based on these misrepresentations, on March 23, 2005, Defendant rescinded the insurance policy *ab initio* and reimbursed Plaintiff for the premiums paid. *See id.* at ¶ 15, Ex. H. On April 20, 2005, Plaintiff commenced the instant lawsuit in New

York State supreme court. *See id*. at ¶ 16, Ex. I (summons and complaint). After filing its answer, Defendant filed a petition for removal to federal court and an amended answer in this Court. *See id*. at ¶ 16, Exs. K, L. Defendant has asserted the following counterclaims in its answer: (1) rescission of the subject policy due to the material misrepresentations made by Plaintiff in the Homeowners Insurance Application was proper; (2) reimbursement for payments made to Plaintiff in the amount of $13,152 during the course of its investigation of Plaintiff's claim; and (3) unjust enrichment with respect to the payments to Plaintiff totaling $13,152. *See id*. at Ex. L. During discovery, Defendant served a notice to admit on Plaintiff and, in her response, Plaintiff admitted, *inter alia*, that: (1) she filed for bankruptcy on June 1, 1994; (2) she signed the Homeowners Insurance Application; and (3) a judgment of foreclosure was entered against her on February 24, 1994.[3] *See id*. at Ex. M.

---

[3] During discovery, Defendants discovered additional misrepresentations on the part of Plaintiff in the Homeowners Insurance Application, including that Plaintiff failed to disclose the following: (1) she had a prior cancellation of an insurance policy, effective October 2, 1998, from Commercial Union Insurance Company for a different property; (2) Commercial Union Insurance Company cancelled such policy due to a large fire loss that occurred on April 18, 1996 and for which she was paid $67,704; (3) a judgment was rendered against her on May 1, 1991 in the amount of $4,926 by Mahopac National Bank, which was still outstanding at the time of the Homeowners Insurance Application; and (4) two judgments had been issued against her husband on June 1, 1990 and May 17, 1993, which may not have been satisfied at the time of the Homeowners Insurance Application. *See* Defendant's Rule 56.1 Statement at ¶ 17 n.3. For purposes of

In January 2006, Defendant filed the instant summary judgment motion, seeking an order from this Court declaring that Plaintiff is precluded from coverage under the insurance policy and that Defendant may rescind the policy and deny coverage for the Plaintiff's claim due to material misrepresentations made by Plaintiff in the application for insurance. Defendants do not seek summary judgment on the second and third counterclaims which concern the $13,152 paid to Plaintiff during its investigation of her claim. In its motion, Defendant maintains that it properly rescinded the subject policy and denied coverage to Plaintiff because she made material misrepresentations on the Homeowners Insurance Application. *See* Defendant's Memorandum of Law. It asserts that such misrepresentations are, in fact, material because they interfered with Defendant's right to reject the application. *See id*. In support of its motion, Defendant submits, *inter alia*, an affidavit of Michael Derkowski, a Property Product Manager employed by Defendant, in which he attests that, "[i]f [D]efendant had known the facts as they truly exist, it would not have issued the homeowners policy, plain and simple." Derkowski Aff. at ¶ 11. He states that a risk with the foreclosure judgment and a bankruptcy "absolutely would not qualify" under Defendant's underwriting guidelines. *Id*. at ¶ 12.

---

this motion, however, Defendant relies solely on Plaintiff's failure to disclose the February 1994 judgment of foreclosure and the June 1994 bankruptcy filing. *See id*.

In addition to Derkowski's affidavit, Defendant has submitted, *inter alia*, an affidavit from Janet S. Dalrymple, a property claims adjuster employed by Defendant, attesting to the facts as set forth in Defendant's Rule 56.1 statement, *see* Dalrymple Affidavit, and a copy of Defendant's applicable underwriting guidelines for homeowners insurance, *see* Defendant's Rule 56.1 Statement at Ex. E.

Plaintiff argues, in her cross-motion for summary judgment, that, while the omission of information regarding the February 1994 foreclosure judgment and June 1994 bankruptcy filing on the Homeowners Insurance Application was a material misrepresentation at the time she completed the application, they were not material misrepresentations at the time of the September 2001, September 2002, and September 2003 renewals of the subject policy and, therefore, Defendant improperly rescinded the policy. *See* Plaintiff's Memorandum of Law at 3. She contends that, "had [she] actually applied for insurance and completed the application prior to the 2001, 2002 or 2003 renewals, the statements would have been accurate and the [D]efendant . . . presumably would have issued its policy of insurance." *Id*.

## **Analysis**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and

admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (emphasis in original). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. at 248. In order for there to be a genuine issue for trial, there must be sufficient evidence in the record to support a jury verdict in the non-moving party's favor. *See id*. at 249. When making a summary judgment determination, "the court must view the evidence in the record in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001).

In opposing a motion for summary judgment, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S.

317, 324 (1986). Mere conclusory allegations and denials are insufficient to create a genuine issue of fact; rather, the opposing party must set forth "concrete particulars" showing that a trial is necessary. *BellSouth Telecommunications, Inc. v. W.R. Grace & Company-Conn.*, 77 F.3d 603, 615 (2d Cir. 1996)(internal quotations omitted).

Under New York law,[4] a material misrepresentation in an application for insurance will render a policy issued pursuant to that application void *ab initio*. *See Christiania Gen. Ins. Corp. of New York v. Great American Ins. Co.*, 979 F.2d 268, 278 (2d Cir. 1992). Section 3105 of the New York Insurance Law provides:

> (a) A representation is a statement as to past or present fact, made to the insurer by, or by the authority of, the applicant for insurance or the prospective insured, at or before the making of the insurance contract as an inducement to the making thereof. A misrepresentation is a false representation, and the facts misrepresented are those facts which make the representation false.
>
> (b) No misrepresentation shall avoid any contract of insurance or defeat recovery thereunder unless such misrepresentation was material. No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract.

N.Y. Ins. Law § 3105(a), (b). "Case law has somewhat broadened the materiality inquiry: 'The question . . . is not whether the company *might have issued* the policy even if the information had been furnished; the question in each case is whether the company

---

[4] The parties do not dispute that New York law applies.

8

has been induced to accept an application which it *might otherwise have refused*.'" *Mutual Benefit Life Ins. Co. v. JMR Elecs. Corp.*, 848 F.2d 30, 32 (2d Cir. 1988)(*per curiam*)(quoting *Geer v. Union Mutual Life Ins. Co.*, 273 N.Y. 261, 269, 7 N.E.2d 125, 128 (1937)(emphasis in original)). In *JMR Elecs. Corp.*, the Second Circuit explained that "the materiality inquiry under New York law is made with respect to the particular policy issued in reliance on the misrepresentation." *Id*. Thus, "[t]o rescind a policy of insurance, the insurer has the burden to prove that the applicant for insurance made a misrepresentation and that had the insurer known the truth it would not have issued the policy it did issue." *Philadelphia Indem. Ins. Co. v. Horowitz, Greener & Stengel, LLP*, 379 F.Supp.2d 442, 452 (S.D.N.Y. 2005). While the issue of materiality generally presents a question of fact for the jury, where the evidence concerning materiality is clear and largely uncontradicted, the issue presents a question of law for the court. *See JMR Elecs. Corp.*, 848 F.2d at 32. Here, Plaintiff does not challenge the evidence submitted by Defendant nor does she dispute its statement of facts, thus, the issue raised by the motions is one that may properly be resolved by the court on summary judgment.

By submitting an affidavit from one of its employees along with a copy of its underwriting guidelines, Defendant has set forth sufficient evidence to establish that, had Plaintiff

9

disclosed the 1994 judgment of foreclosure and subsequent bankruptcy on her Homeowners Insurance Application, it would have rejected the application. *See Chicago Ins. Co. v. Kreitzer & Vogelman*, No. 97 Civ. 8619, 2000 WL 16949, at *7 (S.D.N.Y. Jan. 10, 2000)("[T]he conclusory affidavit of an underwriter is not sufficient, standing alone, to establish materiality as a matter of law, and supporting documentation such as underwriting manuals, rules, or bulletins is typically required."). The underwriting guidelines indicate that applicants who have an unfavorable credit history are considered risks ineligible for coverage. *See* Defendant's Rule 56.1 Statement at Ex. E. Further, in his affidavit, Derkowski explains that the questions regarding prior judgments and bankruptcies are included on the Homeowners Insurance Application to assist Defendant in assessing an applicant's credit history. *See* Derkowski Aff. at ¶ 12, 15. He also attests that, based on Plaintiff's responses on the Homeowners Insurance Application, Defendant believed that there were no outstanding judgments or bankruptcies against her and relied on her false representations in issuing the subject policy. *See id*. at ¶ 16. With no evidence to the contrary from Plaintiff, this Court concludes that Plaintiff's misrepresentations are material.

While Plaintiff does not dispute Defendant's claim that the omission of the 1994 judgment of foreclosure and subsequent

bankruptcy filing constituted a material misrepresentation at the time she completed the Homeowners Insurance Application, she argues that the misrepresentation was no longer material to the renewal period during which the fire loss occurred and, therefore, Defendant improperly rescinded the subject policy and denied coverage. "A renewal of insurance is generally viewed as an extension of the original policy, not a new contract." *United States Aviation Underwriters, Inc. v. Preservatrice-Fonciere Compagnies D'Assurance*, No. 83 Civ. 3935, 1986 WL 3779, at *2 (S.D.N.Y. Mar. 21, 1986). This is especially true, here, where the renewals of the subject policy were automatic. *See Ray Larsen Associates, Inc. v. Nikko America, Inc.*, No. 89 Civ. 2809, 1996 WL 442799 (S.D.N.Y. Aug. 6, 1996). Here, contrary to Plaintiff's argument, a new policy did not go into effect each time the subject policy was renewed. Moreover, the materiality of an applicant's misrepresentation continues throughout the life of the policy and, as explained above, when a material misrepresentation is discovered, the policy is void from its inception. In determining whether a misrepresentation is material, the relevant inquiry is not, as Plaintiff would have this Court believe, whether the insurer would have issued the policy at the time of the renewal; rather, it is whether the insurer was induced to initially issue the policy in reliance on the misrepresentations. Here, it is established that, had

Plaintiff disclosed the 1994 foreclosure judgment and bankruptcy filing, Defendant would not have issued the subject policy to Plaintiff and, therefore, Plaintiff would not have been entitled to any renewal of the subject policy. In issuing the subject policy, Defendant relied on Plaintiff's false statements. Furthermore, in signing the Homeowners Insurance Application, Plaintiff affirmed that the facts stated in the application were true and that Defendant could "issue the insurance *and any renewal thereof* in reliance [on those facts]." Defendant's Rule 56.1 Statement at Ex. B (emphasis added). Plaintiff's misrepresentations were, therefore, relied upon by Defendant and, in this case, material to each renewal of the subject policy. Accordingly, Plaintiff is precluded from coverage under the subject policy and Defendant properly rescinded the policy due to Plaintiff's material misrepresentations on the Homeowners Insurance Application.

Finally, because Defendant did not move for summary judgment with respect to the second and third counterclaims concerning the payments made to Plaintiff during its investigation of her claim, they remain pending. This Court does not have original jurisdiction over these counterclaims because they do not satisfy the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332. The counterclaims are compulsory counterclaims as they "arise[] out of the same transaction or

occurrence that is the subject matter of [Plaintiff's] claim," see Fed. R. Civ. Proc. 13(a), and, as such, this Court has supplemental jurisdiction over them, see 28 U.S.C. § 1367(a); Jones v. Ford Motor Credit Co., 358 F.3d 205, 212-213 (2d Cir. 2004). However, because the Court has dismissed the claims over which it had original jurisdiction, the Court declines to exercise its supplemental jurisdiction over Defendant's counterclaims. See 28 U.S.C. § 1367(c)(3). The remaining two counterclaims are, therefore, remanded to state court.

### Conclusion

Based on the foregoing, Defendant's motion for summary judgment is granted and Plaintiff's cross-motion for summary judgment is denied. The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff on the complaint and in favor of Defendant and against Plaintiff on the first counterclaim with a direction that the insurance policy is rescinded and to remand Defendant's second and third counterclaims to the Supreme Court, Putnam County.
SO ORDERED.

_____
MARK D. FOX
UNITED STATES MAGISTRATE JUDGE

White Plains, New York
Date: May 11, 2006